**Vera G. EANES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12440.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 3, 1968.

Decided March 7, 1969.

Frederick P. Aucamp, Norfolk, Va., for appellant.

Ralph A. Fine, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, C. Vernon Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Plaintiff, Mrs. Vera Eanes, appeals from an adverse judgment in an action instituted under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2674, to recover damages for personal injuries. She alleges that it was actionable negligence on the part of the Veterans Administration Hospital in Kecoughtan, Hampton, Virginia, defendant, to grant her husband, then a voluntary mental patient at said hospital, a fifteen-day leave for a trial visit at home. It was during this visit that her husband brutally attacked her with a claw-hammer and seriously injured her. At trial the district court held that there was no negligence on the part of the govern-

ment doctors in releasing plaintiff's mentally ill husband on therapeutic leave and that the Hospital was not guilty of negligence which was the proximate cause of plaintiff's injuries.[1] The district court fully and painstakingly reviewed and discussed all of the evidence in the case touching upon the diagnosing and evaluating of the patient's illness, both mental and physical, and the prescribed treatment. In reaching the conclusion that there was no negligence on behalf of the Hospital or its staff, the district court discussed the "open door" policy as approved and practiced in a great many mental institutions or hospitals throughout the country. Briefly stated, this policy is one whereby selected mental patients, those who do not indicate a tendency or inclination to do physical harm to themselves or others, are permitted trial visits to their homes and families. It has been held that, in this particular field, such visits "constitute excellent therapy which is necessary if there is any reasonable possibility that the patient will ever again be able to mix with society and become a useful citizen. Such a therapy program entails risks to the patient and to society as a whole, but it involves a balancing of interests which is most important in the psychiatric field." White v. United States, 244 F.Supp. 127, 131 (E.D.Va. 1965), aff'd, per curiam, 359 F.2d 989 (4 Cir.1966).

Undoubtedly, calculated risks are involved in pursuing such a policy but, in the opinion of experts in the field of mental illnesses, they are warranted and justified if "the modern and enlightened treatment of the mentally ill is to be pursued intelligently and rationally." Baker v. United States, 226 F.Supp. 129, 135 (S.D.Iowa 1964). However, it is incumbent upon the attendant experts who are in charge of the mentally ill to exercise that degree of care, in diagnosing the illness of a patient and in calculating the possibilities that his assaultive tendencies may assert themselves, which is commensurate with the risks involved in opening the doors of the hospital to him for leaves of absence during which he will be free of professional care, supervision or restraint.

This court is not prepared or persuaded to condemn, per se, the "open door" policy. As pointed out by the district court, plaintiff's husband was at liberty to leave the hospital at any time since he was a voluntary patient; furthermore, Virginia has provided by statute (Sec. 37-135 of the Code of Virginia 1950) for trial visits to homes by order of the superintendent of any hospital and even though the patient may have been involuntarily committed. But we do suggest that great care and caution should be taken to provide reasonable assurances that the risks involved will not ultimately prove to have been underestimated or miscalculated.

Having fully examined the record now before us we cannot say that the district court's finding of no actionable negligence on the part of the VA Hospital was clearly erroneous. Accordingly, for the reasons stated in the district court's opinion, the judgment below is

Affirmed.

1. Eanes v. United States, 280 F.Supp. 143 (E.D.Va.1968).