RULEY, JUDGE:
The claimant alleges that the respondent was negligent in issuing a pass to an involuntarily committed patient, permitting the patient to leave Weston Hospital to seek legal assistance from the claimant, a lawyer in Weston. While in the claimant’s office, the patient became excited, asked claimant for money and, when he refused, smashed his typewriter against the wall. The claimant seeks damages in the amount of $140.00, the price of the ruined typewriter.
The fact that a mental patient, while temporarily released from a hospital, causes damage to someone’s property does not make the institution granting the release negligent per se. Such releases may be an integral part of the patient’s therapy. The claimant must establish that the hospital and its staff did not “exercise that degree of care, in diagnosing the illness of a patient and in calculating the possibilities that his assaultive tendencies may assert themselves, which is commensurate with the risks involved in opening the doors of the hospital to him *201 for leaves of absence during which he will be free of professional care, supervision or restraint.” Eanes v. U.S., 407 F.2d 823, 38 A.L.R.3d 696, at 698 (4th Cir., 1969). See also annotation at 38 A.L.R.3d 699. In this case, there is no evidence whatever before the Court regarding the patient’s background, the hospital’s reasons for granting the pass, the degree of care exercised by the hospital staff, or anything else which would convince this Court that the respondent was negligent in calculating the risks to the public and granting the pass to the patient. Without such evidence, the claim must be disallowed.
Claim disallowed.